# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius Rodriguez Morant, #1499, | C/A No.: 3:19-2849-JFA-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Ronald L. Dodson, Jr., Bryan Keith Griffin, Vanessa Moyer, and James C. Campbell, | |
| Defendants. | |

Cornelius Rodriguez Morant ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Sumter County Sheriff's Officer Ronald L. Dodson, Jr. ("Officer"), Sumter County Magistrate Bryan Keith Griffin ("Magistrate"), bond agent Vanessa Moyer ("Bond Agent"), and Sumter County Clerk of Court James C. Campbell ("Clerk") (collectively "Defendants"), alleging violations of his civil and constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is a pretrial detainee at the Sumter-Lee Regional Detention Center. [ECF No. 1 at 2, 4]. Plaintiff alleges that on July 15, 2019, Bond Agent, an Ohio bail bond agent, traveled to Blythewood, South Carolina with two accomplices, entered onto private property, tased and killed his dog, broke into his house, held a gun to his wife's head, and demanded she reveal his location. *Id.* at 4. He claims his wife contacted law enforcement officials, who subsequently arrested Bond Agent and her two accomplices, after they had fled the scene. *Id.* He states his wife suffered a heart attack as a result of the incident. *Id.* at 5, 7. Plaintiff states the Richland County Sheriff's Office arrested him at his home on August 2, 2019, based on an outstanding warrant from Ohio, as well as detainers from Sumter County. *Id.* at 4.

Plaintiff alleges that on August 8, 2019, Officer executed a warrant based on Bond Agent's representation that Plaintiff was a fugitive fleeing from justice in Ohio without conducting a full investigation to determine whether probable cause supported the issuance of the warrant. *Id.* at 4, 7. Plaintiff claims Magistrate signed off on the warrant for his arrest without probable cause. *Id.* He maintains Clerk issued the warrant without probable cause. *Id.*

Plaintiff sues Defendants in their individual and official capacities, alleging they acted under color of law to deprive him of his Constitutional rights. *Id.* at 2–3, 5, 6, 7. He requests the court set aside the arrest warrant,

2

perform an administrative search to determine whether Bond Agent violated any laws, and award him $10,000 in legal fees, $1,500 per week in lost wages, $50 per day for use in the commissary, $10,000 for the trespass on his property, and $1,000 for each day he is detained. *Id.* at 7.

II. Discussion

　　A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v.*

3

*City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Younger Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings

4

"except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). "[C]ourts of equity . . . should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44. Thus, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

"In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Com'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Plaintiff has requested the court set aside the warrant for his arrest. [ECF No. 1 at 8]. Applying the *Younger* factors to this case shows abstention to be appropriate. First, Plaintiff admits in his complaint that state criminal proceedings are ongoing. *See id.* at 4 (stating he was arrested "for Ohio to come and pick me up," but was transported to Sumter because he "had detainers in Sumter"), 6 (identifying himself as a pretrial detainee). This court cannot find

Defendants acted improperly with respect to the arrest and issuance of a warrant without interfering in the state criminal proceedings. Second, the Supreme Court has noted "the States' interests in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff may argue in state court proceedings that the charges and arrest are not supported by probable cause. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims as to Defendants Officer, Magistrate, and Clerk. Therefore, Plaintiff's complaint is subject to summary dismissal based on the *Younger* abstention doctrine.

2. Bond Agent Not Subject to Suit Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of

---

[1] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

> For a party to be a state actor subject to suit under § 1983:
>
> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff claims Bond Agent "acted under color of office, and law clothe[d] with authority," but he has failed to allege Bond Agent was a person for whom the state was responsible or was exercising powers conferred by state law. Although Plaintiff claims Officer, Magistrate, and Clerk took actions following the July 15, 2019 incident involving Bond Agent, he has not alleged Bond Agent acted together with or obtained significant aid from state officials prior to the incident. To the extent Plaintiff alleges Bond Agent has acted together with Officer, Magistrate, and Clerk to detain him, the undersigned notes Plaintiff admits he is being detained on charges from Sumter County, in addition to the alleged detainer from Ohio. *See* ECF No. 1 at 4. Accordingly, Plaintiff's § 1983 claim against Bond Agent is subject to summary dismissal.

7

3. Judicial and Quasi-Judicial Immunity as to Magistrate and Clerk

Well-settled law provides judges and court support personnel immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *see also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"). Judicial immunity protects judges and court personnel from suit, as well as assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' ") (citation omitted). As Plaintiff alleges claims against Magistrate and Clerk arising out of their judicial actions, those claims are subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **November 12, 2019**, along with any appropriate service

8

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

October 21, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge